Bevin Allen Pike (SBN 221936)
Bevin.Pike@capstonelawyers.com
Daniel S. Jonathan (SBN 262209)
Daniel.Jonathan@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Shealene P. Mancuso (SBN 331740)
Shealene.Mancuso@capstonelawyers.com
Jeffrey Jimenez (SBN 338228)
Jeff.Jimenez@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1860
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiff Lisa Guerrero

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

LISA GUERRERO, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

vs.

BIOLIFE PLASMA SERVICES L.P., a Pennsylvania limited partnership; TAKEDA PHARMACEUTICALS U.S.A., INC., a Delaware corporation; TAKEDA PHARMACEUTICALS AMERICA, INC., a Delaware corporation; TAKEDA PHARMACEUTICALS INTERNATIONAL, INC., a Delaware corporation; BIOLIFE PLASMA, L.L.C., a Delaware limited liability company; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 5:25-cv-02936-KK-DTB

**FIRST AMENDED CLASS ACTION COMPLAINT**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);
(3) Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198 (Failure to Provide Meal Periods);
(4) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods);
(5) Violation of California Labor Code §§ 226(a), 1174(d), and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records);
(6) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
(7) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment);
(8) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and
(9) Violation of California Business & Professions Code §§ 17200, *et seq.*

(Unfair Business Practices)

**Jury Trial Demanded**

Plaintiff Lisa Guerrero, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover wages and all other available relief on behalf of Plaintiff and all similarly situated current and former non-exempt, hourly paid employees of Defendants.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and based on 28 U.S.C. §§ 1441, 1446.

3. Venue is proper in this Court, because this case was originally filed in the Superior Court of California for the County of San Bernardino. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(a), 1391(b), and 1441(a).

## THE PARTIES

4. Plaintiff Lisa Guerrero is a resident of Vista, in San Diego County, California. Defendants employed Plaintiff as an hourly paid, non-exempt employee from approximately January 2021 to July 2025. Plaintiff worked for Defendants as a Center Receptionist at their facility located in San Marcos, California. During her employment, Plaintiff typically worked eight (8) hours or more per day and five (5) days per week. Plaintiff's primary job duties included, without limitation, greeting donors, updating donor information, inputting new donor information into the system, answering the phone, taking messages, and assisting with IT issues.

5. BIOLIFE PLASMA SERVICES L.P. was and is, upon information and belief, a Pennsylvania limited partnership, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

6. TAKEDA PHARMACEUTICALS U.S.A., INC. was and is, upon

information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

7. TAKEDA PHARMACEUTICALS AMERICA, INC. was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

8. TAKEDA PHARMACEUTICALS INTERNATIONAL, INC. was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

9. BIOLIFE PLASMA L.L.C. was and is, upon information and belief, a Delaware limited liability company, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and the State of California.

10. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

11. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, or managers of BIOLIFE PLASMA SERVICES L.P.; TAKEDA PHARMACEUTICALS U.S.A., INC.; TAKEDA PHARMACEUTICALS AMERICA, INC.; TAKEDA PHARMACEUTICALS INTERNATIONAL, INC.; and BIOLIFE PLASMA L.L.C. at all relevant times.

12. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to BIOLIFE PLASMA SERVICES L.P.; TAKEDA PHARMACEUTICALS U.S.A., INC.; TAKEDA PHARMACEUTICALS AMERICA, INC.; TAKEDA

PHARMACEUTICALS INTERNATIONAL, INC.; BIOLIFE PLASMA L.L.C.; and/or DOES 1 through 10 (collectively, "Defendants" or "BIOLIFE"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

13. At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

14. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

15. Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over the wages, hours, working conditions, and employment status of Plaintiff and class members. Each Defendant had the power to hire and fire Plaintiff and class members, supervised and controlled their work schedule and/or conditions of employment, determined their rate of pay, and maintained their employment records. Defendants suffered or permitted Plaintiff and class members to work and/or "engaged" Plaintiff and class members so as to create a common-law employment relationship. As joint employers of Plaintiff and class members, Defendants are jointly and severally liable for the civil penalties and all other relief available to Plaintiff and class members under the law.

16. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiff and class members because Defendants have:

(a) jointly exercised meaningful control over the work performed by Plaintiff and class members;

(b) jointly exercised meaningful control over Plaintiff's and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiff and class members;

(c) jointly required that Plaintiff and class members perform work which is an integral part of Defendants' businesses; and

(d) jointly exercised control over Plaintiff and class members as a matter of economic reality in that Plaintiff and class members were dependent on Defendants, who shared the power to set the wages of Plaintiff and class members and determined their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment.

17. Plaintiff is informed and believes, and thereon alleges, that at all relevant times there has existed a unity of interest and ownership between Defendants such that any individuality and separateness between the entities has ceased.

18. BIOLIFE PLASMA SERVICES L.P.; TAKEDA PHARMACEUTICALS U.S.A., INC.; TAKEDA PHARMACEUTICALS AMERICA, INC.; TAKEDA PHARMACEUTICALS INTERNATIONAL, INC.; BIOLIFE PLASMA L.L.C.; and DOES 1 through 10 are therefore alter egos of each other.

19. Adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, and would promote injustice by protecting Defendants from liability for the wrongful acts committed by them under the name "BIOLIFE."

20. Plaintiff further alleges, upon information and belief, that Defendants BIOLIFE PLASMA SERVICES L.P.; TAKEDA PHARMACEUTICALS U.S.A., INC.; TAKEDA PHARMACEUTICALS AMERICA, INC.; TAKEDA PHARMACEUTICALS INTERNATIONAL, INC.; and BIOLIFE PLASMA L.L.C. are alter egos of each other for the following reasons:

(a) According to Takeda Pharmaceutical Company Limited's website[1], BIOLIFE PLASMA SERVICES L.P. and BIOLIFE PLASMA L.L.C. are subsidiaries of Takeda Pharmaceutical Company Limited;

(b) On the California Secretary of State's website (https://bizfileonline.sos.ca.gov/), TAKEDA PHARMACEUTICALS U.S.A., INC.; TAKEDA PHARMACEUTICALS AMERICA, INC.; and TAKEDA PHARMACEUTICALS INTERNATIONAL, INC. share the same principal address and/or mailing address, "500 KENDALL STREET, CAMBRIDGE, MA 02142";

(c) According to their most recent forms filed with the Secretary of the Commonwealth of Massachusetts (https://www.sec.state.ma.us/divisions/corporations/corporations.htm) and the California Secretary of State, TAKEDA PHARMACEUTICALS U.S.A., INC.; TAKEDA PHARMACEUTICALS AMERICA, INC.; and TAKEDA PHARMACEUTICALS INTERNATIONAL, INC. share the officers, including, but not limited to, Julie Kim, Fabien Dubois, and/or Jason Baranski;

(d) On the California Secretary of State's website and the Illinois

[1] Takeda Pharmaceutical Company Limited, https://www.takeda.com/en-us/main-addresses/#438239dbf6e9 (last accessed Jan. 16, 2026).

Secretary of State's website, BIOLIFE PLASMA SERVICES L.P.; TAKEDA PHARMACEUTICALS U.S.A., INC.; TAKEDA PHARMACEUTICALS AMERICA, INC.; and BIOLIFE PLASMA L.L.C. share the same agent for service of process, CSC - LAWYERS INCORPORATING SERVICE; and

(e) On information and belief, BIOLIFE PLASMA SERVICES L.P.; TAKEDA PHARMACEUTICALS U.S.A., INC.; TAKEDA PHARMACEUTICALS AMERICA, INC.; TAKEDA PHARMACEUTICALS INTERNATIONAL, INC.; and BIOLIFE PLASMA L.L.C. utilize the same standardized employment forms and issue the same employment policies.

## GENERAL ALLEGATIONS

21. Defendants are a healthcare company specializing in the collection of human plasma that is processed into plasma-based therapies. Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters in Bannockburn, Illinois, or Cambridge, Massachusetts, which is responsible for the recruiting and hiring of new employees, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and rest period policies, to employees throughout California.

22. In particular, Plaintiff and class members, on information and belief, received the same standardized documents and/or written policies. Upon information and belief, the usage of standardized documents and/or written policies, including new-hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions. Upon information and belief, Defendants set forth uniform policies and procedures in several documents

provided at an employee's time of hire.

23. Upon information and belief, Defendants maintain a centralized Payroll department at their company headquarters in Bannockburn, Illinois, or Cambridge, Massachusetts, which processes payroll for all non-exempt, hourly paid employees working for Defendants at their various locations in California, including Plaintiff and class members. Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their work locations. Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

24. Defendants continue to employ non-exempt or hourly paid employees in California.

25. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

26. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class members were not paid for all hours worked because all hours worked were not recorded.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to be paid at a regular rate of pay, and corresponding rates of pay for

overtime wages and/or meal and rest period premiums, that included as eligible income all renumeration required by law, including but not limited to, all income derived from incentive pay, nondiscretionary bonuses, and/or other forms of compensation, but failed to include all forms of remuneration in calculating the regular rate of pay for Plaintiff and class members.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock. In violation of the California Labor Code, Plaintiff and class members were not paid at least minimum wages for work done off-the-clock.

30. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to meal periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

31. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to rest periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period and that Plaintiff and class members were not authorized and permitted to take compliant rest periods or provided with payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized

and permitted to take a compliant rest period.

32. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law. In violation of the California Labor Code, Plaintiff and class members were not provided complete and accurate wage statements.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the California Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

34. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of all wages earned upon termination of employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages due, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within permissible time periods.

35. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within permissible time periods.

36. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive itemized wage statements or separate written statements showing the amount of paid sick leave available, or paid time off provided in lieu

of sick leave. In violation of the California Labor Code, Defendants failed to provide Plaintiff and class members with written itemized wage statements or separate written statements showing this information.

37. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that Defendants had a duty to provide Plaintiff and class members with written notice of the material terms of their employment with Defendants as required by the California Wage Theft Prevention Act, but failed to do so.

38. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members for all hours worked, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification under Rule 23 of the Federal Rules of Civil Procedure.

40. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

41. Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California, at any time from August 7, 2024, until the date of trial ("Class").

42. Plaintiff's proposed subclass consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California and who received at least one wage statement within one (1) year prior to the filing of the initial complaint until the date of trial ("Subclass").

43. Members of the Class and Subclass are referred to herein as "class members."

44. Plaintiff reserves the right to redefine the Class and Subclass and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

45. This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2), or (b)(3) and satisfies the requirements thereof.

46. According to Defendants' removal papers, there are approximately 1,297 non-exempt employees who worked for Defendants across California during the relevant period. Thus, it is reasonable to presume that the members of the class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

47. Plaintiff's claims are typical of those of the class members, because Plaintiff suffered the violations set forth in this First Amended Complaint.

48. Plaintiff will adequately protect the interests of class members. Plaintiff has no interests that are adverse to or conflict with class members and is committed to the vigorous prosecution of this action. To that end, Plaintiff has retained counsel who is competent and experienced in handling class actions on behalf of employees.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the amount suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

50. There are common questions of law and fact as to class members that

predominate over questions affecting only individual members, including, but not limited to:

(a) Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

(b) Whether Defendants failed to include all forms of remuneration in the regular rate of pay as required by law for purposes of paying overtime wages and/or meal and rest period premiums to Plaintiff and class members;

(c) Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

(d) Whether Defendants failed to provide Plaintiff and class members with meal periods;

(e) Whether Defendants failed to authorize and permit Plaintiff and class members to take rest periods;

(f) Whether Defendants provided Plaintiff and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(g) Whether Defendants maintained accurate payroll records as required by California Labor Code section 1174(d);

(h) Whether Defendants failed to pay earned overtime wages, minimum wages, and/or meal and rest period premiums due to Plaintiff and class members upon their discharge;

(i) Whether Defendants failed timely to pay overtime wages, minimum wages, and/or meal and rest period premiums due to Plaintiff and class members during their employment;

(j) Whether Defendants provided Plaintiff and class members with written notice of paid sick leave available, or paid time off, as required by California Labor Code section 246;

(k) Whether Defendants failed to provide written notice of information material to Plaintiff's and class members' employment with Defendants;

(l) Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(m) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against all Defendants)**

51. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

52. Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable IWC Wage Order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

53. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

54. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1 ½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

55. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

56. California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

57. During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members. During the relevant time period, Plaintiff and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

58. First, during the relevant time period, Defendants had, and continue to have, a company-wide policy and/or practice of discouraging and impeding Plaintiff and class members from recording hours worked that were outside of their scheduled shifts in order to limit the amount of overtime employees could accrue.

On information and belief, this limitation on overtime accrual was based on a company-wide policy of staffing locations strictly based on the labor hours or labor budget set by the corporate office. This policy of limiting overtime, coupled with Defendants' policies and/or practices of understaffing and/or single-staffing certain positions, led Plaintiff and class members to work off-the-clock outside of their scheduled shift times. For example, before Plaintiff clocked in for her shifts, she worked off-the-clock unloading the dishwasher in the employee kitchen. Defendants' management instructed Plaintiff and class members not to clock in earlier than five (5) minutes prior to the scheduled shift start time, which forced Plaintiff to complete this task off-the-clock.

59. Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and class members were performing their assigned duties off-the-clock before their shifts, and were suffered or permitted to perform work for which they were not paid. Because Plaintiff and class members worked shifts of eight (8) hours or more a day, or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

60. Moreover, Defendants did not pay Plaintiff and class members the correct overtime rate for the recorded overtime hours that they generated. In addition to an hourly wage, Defendants paid Plaintiff and class members incentive pay, nondiscretionary bonuses, and/or other forms of remuneration. However, in violation of the California Labor Code, Defendants failed to incorporate all compensation, including incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiff and class members worked overtime and received these other forms of pay, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

61. For example, Defendants paid Plaintiff and class members incentive pay and/or nondiscretionary bonuses which were listed on Plaintiff's and class members' wage statements as "Service Award," "Recognition," and "S T I P Bonus." During pay periods that Plaintiff and class members were paid overtime wages, Defendants did not incorporate the incentive pay and/or nondiscretionary bonuses into Plaintiff's and class members' regular rate of pay and, as a result, paid them at incorrect and lower rates of pay for overtime hours worked. Specifically, Defendants paid Plaintiff and class members 1.5 times their hourly rate of pay instead of 1.5 times their regular rate of pay. Defendants' failure to properly calculate the overtime rates of pay based on all remuneration paid has resulted in an underpayment of overtime wages to Plaintiff and class members on a company-wide basis.

62. Defendants' failure to pay Plaintiff and class members the balance of overtime compensation as required by California law, violates the provisions of California Labor Code sections 510 and 1198. Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover from Defendants their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

## Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid Minimum Wages

## (Against all Defendants)

63. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

64. At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Compensable work time is defined in IWC Wage Order No. 4-2001 as "the time during which an employee is subject

to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code Regs. tit. 8, § 11040(2)(L) (defining "Hours Worked").

65. As set forth above, as a result of Defendants' policies and/or practices of limiting the amount of overtime employees could accrue and understaffing and/or single-staffing certain positions, Defendants required Plaintiff and class members to perform work-related tasks while off-the-clock outside of their shifts, such as preparing the facility for the work day, including, but not limited to, unloading the dishwasher in the employee kitchen. Defendants failed to track this time Plaintiff and class members spent working off-the-clock, and Plaintiff and class members received no compensation for this time.

66. Defendants did not pay minimum wages for all hours worked by Plaintiff and class members. To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

67. Defendants' failure to pay Plaintiff and class members minimum wages violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198. Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover from Defendants liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198—Meal Period Violations**

**(Against all Defendants)**

68. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

69. At all relevant times herein set forth, California Labor Code section

512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

70. At all relevant times herein set forth, California Labor Code sections 226.7, 512(a), 516, and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

71. At all relevant times herein set forth, Labor Code sections 226.7 and 512(a), and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

72. During the relevant time period, as stated, Defendants had, and continue to have, a company-wide policy and/or practice of understaffing and/or single-staffing certain positions due to labor budgeting and/or limited payroll allocation, which resulted in a lack of meal period coverage and prevented Plaintiff and class members from taking all timely, uninterrupted meal periods to which they were entitled. On information and belief, Defendants had a company-wide practice of scheduling a high volume of donor appointments each day without building in sufficient time for Plaintiff and class members to take compliant meal periods. Further, Defendants had a company-wide practice and/or policy of failing to schedule meal periods, which further caused Plaintiff and class members to not be relieved of their duties for compliant meal periods.

73. As a result, Plaintiff and class members had to work through all or part of their meal periods, had their meal periods interrupted, and/or had to wait extended periods of time before taking meal periods. For example, approximately twice per month, Plaintiff cut her meal breaks short by 5-10 minutes and returned to work when there was an influx of donors that needed to be checked in for their appointments.

74. At all times herein mentioned, Defendants knew or should have known that, as a result of these policies, Plaintiff and class members were prevented from being relieved of all duties and required to perform some of their assigned duties during meal periods. Defendants further knew or should have known that Defendants did not pay Plaintiff and class members meal period premiums when meal periods were missed, shortened, interrupted, and/or late.

75. Moreover, Defendants engaged in a company-wide practice and/or policy of not paying all meal period premiums owed when compliant meal periods are not provided. Because of this practice and/or policy, Plaintiff and class members have not received premium pay for all missed, late, and interrupted meal periods. Alternatively, to the extent that Defendants did pay Plaintiff and class members premium pay for missed, late, and interrupted meal periods, Defendants did not pay Plaintiff and class members at the correct rate of pay for premiums because Defendants systematically failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay. As a result, Defendants failed to provide Plaintiff and class members compliant meal periods in violation of California Labor Code sections 226.7, 512(a), and 516 and failed to pay the full meal period premiums due.

76. Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), 516, and 1198. Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour

of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations**

**(Against all Defendants)**

77. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

///

78. At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff's and class members' employment by Defendants.

79. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

80. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC. To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call. A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 273 (2016).

81. Pursuant to the applicable IWC Wage Order and California Labor

Code section 226.7(c), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

82. During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof. As with meal periods, Defendants' company-wide practices, including labor budgeting and/or limited payroll allocation, and understaffing/single-staffing, prevented Plaintiff and class members from being relieved of all duties to take rest periods. Additionally, Defendants failed to schedule rest periods, which, coupled with Defendants' failure to provide adequate rest period coverage, further led to Plaintiff and class members not being authorized and permitted to take rest periods.

83. Furthermore, upon information and belief, during the relevant time period, Defendants maintained a company-wide on-premises rest period policy, which effectively required that Plaintiff and/or class members remain on the work premises during their rest periods. Because Plaintiff and/or class members were restricted from leaving the premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes, such as running personal errands. Thus, Defendants effectively maintained control over Plaintiff and/or class members during rest periods.

84. As a result of Defendants' practices and policies, Plaintiff and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted 10-minute rest periods to which they were entitled. For example, Plaintiff missed 1-2 of her rest periods due to the lack of rest period coverage and Defendants' failure to schedule rest periods for employees.

85. Defendants have also engaged in a company-wide practice and/or

policy of not paying rest period premiums owed when compliant rest periods are not authorized and permitted. Because of this practice and/or policy, Plaintiff and class members have not received premium pay for all missed rest periods. Alternatively, to the extent that Defendants did pay Plaintiff and class members one (1) additional hour of premium pay for missed rest periods, Defendants did not pay Plaintiff and class members at the correct rate of pay for premium wages because Defendants failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of compensation, in the regular rate of pay. As a result, Defendants denied Plaintiff and class members rest periods and failed to pay them rest period premiums due, in violation of Labor Code sections 226.7 and 516, and the applicable IWC Wage Order.

86. Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198. Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period was not authorized and permitted.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage Statements and Failure to Maintain Accurate Payroll Records**

**(Against all Defendants)**

87. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

88. At all relevant times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of

pay.

89. At all relevant times, Defendants have knowingly and intentionally provided Plaintiff and Subclass members with uniform, incomplete, and inaccurate wage statements. For example, Defendants issued uniform wage statements to Plaintiff and Subclass members that fail to correctly list: gross wages earned; total hours worked; net wages earned; the name and address of the legal entity that is the employer; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages and/or meal and rest period premiums, and the corresponding number of hours worked at each hourly rate. Specifically, Defendants violated sections 226(a)(1), 226(a)(2), 226(a)(5), 226(a)(8), and 226(a)(9).

90. Because Defendants did not record the time Plaintiff and Subclass members spent working off the clock, Defendants did not list the correct amount of gross wages and net wages earned by Plaintiff and Subclass members in compliance with sections 226(a)(1) and 226(a)(5). For the same reason, Defendants failed to accurately list the total number of hours worked by Plaintiff and Subclass members, in violation of section 226(a)(2), and failed to list the applicable hourly rates of pay in effect during the pay period and the corresponding accurate number of hours worked at each hourly rate, in violation of section 226(a)(9).

91. Moreover, because Defendants did not calculate Plaintiff's and Subclass members' regular rate of pay correctly for purposes of paying overtime wages and/or meal and rest period premiums, Defendants did not list the correct amount of gross wages in compliance with section 226(a)(1). For the same reason, Defendants failed to list the correct amount of net wages in violation of section 226(a)(5). Defendants also failed to correctly list all applicable hourly rates in effect during the pay period, namely, correct rates of pay for overtime wages and/or meal and rest period premiums, in violation of section 226(a)(9).

92. Additionally, and separate from these violations, Defendants issued uniform wage statements to Plaintiff and Subclass members that failed to correctly list the name and address of the legal entity of the actual employer in violation of 226(a)(8). The purpose of section 226(a)(8) is to provide California employees with transparency as to the true identity of their employer, to allow the employee to contact their employer during employment or in the future for various reasons, including filing an administrative claim, judicial claim, or other action to seek relief against their employer, to obtain unemployment benefits, etc. For example, during the relevant time period, Defendants issued wage statements to Plaintiff and Subclass members that incorrectly listed the employer as "BIOLIFE PLASMA LLC," with the address "1200 Lakeside Dr., Bannockburn, IL 60015," but, according to the California Secretary of State's website, it was not registered until October 14, 2025.

93. The wage statement deficiencies also include, among other things, failing to list the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; failing to list all deductions; failing to list the inclusive dates of the period for which employees were paid; failing to list the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; and/or failing to state all hours worked as a result of not recording or stating hours worked off-the-clock.

94. California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall . . . [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments . . . ." At

all relevant times, and in violation of Labor Code section 1174(d), Defendants willfully failed to maintain accurate payroll records for Plaintiff and Subclass members showing the daily hours they worked and the wages paid thereto as a result of failing to record the off-the-clock hours that they worked.

95. California Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC Wage Order. Section 1198 further provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage Order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period. During the relevant time period, Defendants engaged in company-wide practices and/or policies of failing to record actual hours worked, and thereby failed to keep accurate records of work period and meal period start and end times for Plaintiff and Subclass members, in violation of section 1198.

96. Plaintiff and Subclass members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid Upon Termination**

**(Against all Defendants)**

97. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

98. At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and

unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

99. On information and belief, Defendants have a company-wide practice and/or policy of paying departing employees their final wages late, instead of adhering to the time requirements set forth in Labor Code sections 201 and 202. For example, Defendants terminated Plaintiff on or about July 2, 2025; however, on information and belief, Defendants did not provide Plaintiff with her final wages until around July 7, 2025. Thus, Defendants failed to pay Plaintiff her final wages immediately, in violation of California Labor Code section 201.

100. Additionally, during the relevant time period, Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants all their earned wages, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

101. Defendants' failure to pay Plaintiff and class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202. Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

///

///

///

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code § 204—Failure to Timely Pay Wages During Employment**

**(Against all Defendants)**

102. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

103. This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and/or meal and rest period premiums that were not timely paid to Plaintiff and class members during their employment.

104. At all times relevant herein set forth, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed. Labor Code section 204 further provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

105. At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

106. During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due including, but not limited to, overtime

wages, minimum wages, and/or meal and rest period premiums, within the time periods specified by California Labor Code section 204.

107. Defendants' failure to pay Plaintiff and class members all wages due violates Labor Code section 204. Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages pursuant to California Labor Code section 210.

**EIGHTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* – Unlawful Business Practices**

**(Against all Defendants)**

108. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

109. Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

110. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

111. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

112. A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a) Requiring non-exempt, hourly paid employees, including

Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198, and the applicable IWC Wage Order, as alleged herein;

(b) Failing to include all forms of remuneration in the regular rate of pay as required by law for purposes of paying overtime wages and/or meal and rest period premiums to Plaintiff and class members, in violation of California Labor Code sections 226.7, 510, and 1198, and the applicable IWC Wage Order, as alleged herein;

(c) Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order, as alleged herein;

(d) Failing to provide all meal periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(e) Failing to authorize and permit Plaintiff and class members to take all rest periods in violation of California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(f) Failing to provide Plaintiff and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), and 1198, and the applicable IWC Wage Order, as alleged herein;

(g) Failing timely to pay all earned wages to Plaintiff and class

members in violation of California Labor Code section 204, as alleged herein;

(h) Failing to provide written notice of paid sick leave benefits available in violation of California Labor Code section 246, as set forth below; and

(i) Failing to provide written notice of information material to Plaintiff's and class members' employment with Defendants in violation of California Labor Code section 2810.5(a)(1)(A)-(C), as set forth below.

113. At all relevant times herein, California Labor Code sections 245.5, 246, 246.5, 247, 247.5, 248.5, and 249 provide employees who have worked in California for 30 or more days from the commencement of employment with paid sick days, to be accrued at least one hour for every 30 hours worked. Pursuant to California Labor Code section 246(b)(4), employers must provide no less than 40 hours or five (5) days of paid sick leave (or equivalent paid leave or paid time off) in each year of the employee's employment. Further, section 246(i) provides that an employer must provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off that an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement or in a separate written statement provided on the designated pay date with the employee's wages.

114. During the relevant time period, Defendants failed, on a company-wide basis, to provide Plaintiff and class members written notice on wage statements and/or other separate written statements that listed the requisite information set forth in Labor Code section 246(i). Defendants' ongoing and systematic failure to provide written notice of sick leave benefits to Plaintiffs and class members violates California Labor Code section 246(i).

115. At all relevant times herein, California's Wage Theft Prevention Act

was enacted to ensure that employers provide employees with basic information material to their employment relationship at the time of hiring, and to ensure that employees are given written and timely notice of any changes to basic information material to their employment. Codified at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the time of hiring, an employer must provide written notice to employees containing basic and material payroll information, including, among other things, the rate(s) of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, the regular payday designated by the employer, and any allowances claims as part of the minimum wage, including meal or lodging allowances. Labor Code § 2810.5(a)(1)(A)-(C).

116. At all relevant times, on information and belief, Defendants failed, on a company-wide basis, to provide written notice to Plaintiff and class members that lists the requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C). Defendants' failure to provide Plaintiff and class members with written notice of basic information regarding their employment with Defendants is in violation of California Labor Code section 2810.5.

117. As a result of the violations of California law herein described, Defendants unlawfully gained an unfair advantage over other businesses. Plaintiff and class members have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

118. Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of the initial complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## NINTH CAUSE OF ACTION

## Violation of California Business & Professions Code §§ 17200, *et seq.* – Unfair Business Practices

## (Against all Defendants)

119. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

120. Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

121. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

122. Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members all meal and rest period premiums due to them under Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7. The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct." *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015). The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.* (*Id.*)

123. A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice. In the instant

case, Defendants' policies and practices have violated the spirit of California's meal and rest period laws and constitute acts against the public policy behind these laws.

124. Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory benefits implemented by section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of the initial complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by section 226.7 due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of thirty-five thousand dollars ($35,000), exclusive of interest and costs. Plaintiff reserves the right to amend her prayer for relief to seek a different amount.

**Class Certification**

2. That this case be certified as a class action;

3. That Plaintiff be appointed as the representative of the Class and Subclass;

4. That counsel for Plaintiff be appointed as class counsel.

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198, and the applicable IWC Wage Order

by willfully failing to pay all overtime wages due to Plaintiff and class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due, or as otherwise provided by law;

8. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order by willfully failing to pay minimum wages to Plaintiff and class members;

11. For general unpaid wages and such general and special damages as may be appropriate;

12. For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14. For liquidated damages pursuant to California Labor Code section 1194.2; and

15. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable

IWC Wage Order by willfully failing to provide all meal periods to Plaintiff and class members;

17. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18. For all actual, consequential, and incidental losses and damages, according to proof;

19. For premiums pursuant to California Labor Code section 226.7(c);

20. For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law;

21. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

22. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order by willfully failing to authorize and permit Plaintiff and class members to take all rest periods;

24. That the Court make an award to the Plaintiff and class members of one (l) hour of pay at each employee's regular rate of pay for each workday that a rest period was not authorized and permitted;

25. For all actual, consequential, and incidental losses and damages, according to proof;

26. For premiums pursuant to California Labor Code section 226.7(c);

27. For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law;

28. For attorneys' fees pursuant to California Code of Civil Procedure

section 1021.5, or as otherwise provided by law; and

29. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

30. That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and the applicable IWC Wage Order as to Plaintiff and Subclass members, and willfully failed to provide accurate itemized wage statements thereto;

31. For all actual, consequential, and incidental losses and damages, according to proof;

32. For injunctive relief pursuant to California Labor Code section 226(h);

33. For statutory penalties pursuant to California Labor Code section 226(e);

34. For attorneys' fees and costs pursuant to California Labor Code section 226(e)(1); and

35. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

36. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201 and 202 by willfully failing to pay overtime wages, minimum wages, and/or meal and rest period premiums owed at the time of termination of the employment of Plaintiff and other terminated class members;

37. For all actual, consequential and incidental losses and damages, according to proof;

38. For waiting time penalties according to proof pursuant to California Labor Code section 203 for all employees who have left Defendants' employ;

39. For pre-judgment interest on any unpaid wages from the date such

amounts were due, or as otherwise provided by law;

40. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

41. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

42. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to timely pay Plaintiff and class members overtime wages, minimum wages, and/or meal and rest period premiums during their employment;

43. For all actual, consequential and incidental losses and damages, according to proof;

44. For statutory penalties according to proof pursuant to California Labor Code section 210;

45. For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

46. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

47. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Eighth Cause of Action**

48. That the Court declare, adjudge and decree that Defendants' conduct of failing to provide Plaintiff and class members all overtime wages due to them, failing to include all forms of remuneration in the regular rate of pay for purposes of paying overtime wages and/or meal and rest period premiums to Plaintiff and class members, failing to provide Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and class members all meal periods, failing to authorize and permit Plaintiff and class members to take all rest periods, failing

to provide Plaintiff and class members accurate and complete wage statements, failing to maintain accurate payroll records for Plaintiff and class members, failing to timely pay Plaintiff and class members all earned wages during employment, failing to provide written notice of paid sick leave, and failing to provide written notice of material terms of employment, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

49. For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

50. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

51. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

52. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Ninth Cause of Action**

53. That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

54. For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

55. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

56. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57. For pre-judgment and post-judgment interest as provided by law; and

58. For such other and further relief as the Court may deem equitable and appropriate.

Dated:

Respectfully submitted,

Capstone Law APC

By: ______________________

Bevin Allen Pike
Daniel S. Jonathan
Trisha K. Monesi
Shealene P. Mancuso
Jeffrey Jimenez

Attorneys for Plaintiff Lisa Guerrero